FILED
United States Court of Appeals
Tenth Circuit

August 27, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEVE ROBERT DURAN,

        Petitioner-Appellant,

v.

ERASMO BRAVO, Warden,
Guadalupe County Correctional Center;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 12-2087
(D.C. No. 6:10-CV-00743-JB-GBW)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

Steve Robert Duran is a pro se New Mexico inmate who seeks a certificate of appealability ("COA") so he can appeal the district court's denial of his habeas petition filed under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (stating that no appeal may be taken from a final order disposing of a § 2254 petition unless

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

petitioner first obtains a COA).  Affording his application a solicitous construction, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we deny a COA and dismiss the appeal.

Following his convictions for first degree murder and associated drug and weapons charges, Mr. Duran was sentenced to life in prison, plus eighteen and one-half years.  On direct appeal, the New Mexico Supreme Court affirmed his convictions but vacated a one-year firearm enhancement.  Mr. Duran pursued habeas relief in state court, but the trial court denied his petition, and the New Mexico Supreme Court denied a writ of certiorari.

Mr. Duran subsequently filed the present habeas petition in federal district court pursuant to 28 U.S.C. § 2254.  After amending his petition, Mr. Duran raised nine claims for relief, including one for ineffective assistance of counsel on eleven separate grounds.  On May 26, 2011, the magistrate judge issued a comprehensive 107-page report and recommendation, evaluating each claim for relief and finding them all to be unavailing.  Mr. Duran then sought to supplement his petition and also filed 280 pages of objections to the magistrate judge's report and recommendation. The magistrate judge recommended that the motion to supplement be denied, however, and, on April 5, 2012, the district court adopted that recommendation. Then on April 18, 2012, the district court dismissed Mr. Duran's habeas petition after reviewing his objections de novo.  Thereafter, Mr. Duran filed two motions for reconsideration and, while the motions for reconsideration were still pending, he filed

a notice of appeal.  On June 11, 2012, the court denied both motions for reconsideration, but Mr. Duran did not amend his notice of appeal.  He now seeks a COA from this court.[1]

A COA is a jurisdictional prerequisite to our review of the merits of a habeas appeal.  28 U.S.C. § 2253(c)(1)(A).  A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  This means the applicant must show "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).  Where a petition is denied on procedural grounds, an applicant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where a petition is denied on the merits, the applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  We assess whether

---

[1]     Mr. Duran seeks to challenge the April 5, April 18, and June 11, 2012 orders. We lack jurisdiction to consider the June 11 order, however, because Mr. Duran prematurely filed his notice of appeal while his motions for reconsideration were pending, and he did not subsequently amend or otherwise file another notice of appeal.  *See* Fed. R. App. P. 4(a)(4)(B)(ii).

Mr. Duran has met this standard by engaging in "a preliminary, though not definitive, consideration of the framework" governing his claims. *Miller-El*, 537 U.S. at 338.

We have evaluated Mr. Duran's application for a COA under the governing legal standards and conclude that no reasonable jurist could debate the district court's rulings. Indeed, having reviewed Mr. Duran's COA application, the relevant legal authorities, and the entire record on appeal, we agree with the magistrate judge's report and recommendation dated October 31, 2011, as adopted by the district court's order dated April 5, 2012, and the magistrate judge's report and recommendation dated May 26, 2011, as adopted by the district court's order dated April 18, 2012. Accordingly, we deny a COA and dismiss the appeal. Mr. Duran's motion to file a "reply or a supplementation to his opening brief and Application for (COA)" is granted, and his request for appointment of counsel is denied.

Entered for the Court

William J. Holloway, Jr.
Senior Circuit Judge

- 4 -